IN THE SUPREME COURT OF THE STATE OF DELAWARE

MAURICE X. BARRETT,    §
   §
     Defendant Below,    §   No. 114, 2015
     Appellant,    §
   §
     v.    §
   §   Court Below—Superior Court
   §   of the State of Delaware,
STATE OF DELAWARE,    §   in and for New Castle County
   §   Cr. ID No. 1402009466
     Plaintiff Below,    §
     Appellee.    §
   §

Submitted: June 18, 2015[1]
Decided: July 23, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **VAUGHN**, Justices.

## **O R D E R**

This 23rd day of July 2015, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Maurice X. Barrett, filed this appeal from a Superior Court order denying his motion for modification of sentence and a Superior Court order denying his motion for credit time.[2] The State of Delaware has filed a

---

[1] The motion to affirm was filed on April 1, 2015, but the transcript designated by the appellant was filed on June 18, 2015.

[2] In the notice of appeal filed on March 9, 2015, Barrett also listed the date of his November 21, 2014 sentencing hearing. This portion of the appeal was untimely because it was filed more than thirty days after imposition of Barrett's sentence. Supr. Ct. R. 6(a)(ii) (notice of criminal appeal must be filed within thirty days after a sentence is imposed).

motion to affirm the judgment below on the ground that it is manifest on the face of Barrett's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, on August 21, 2014, Barrett pled guilty to two counts of Criminal Contempt of a Domestic Violence Protective Order ("PFA"), one count of Harassment, one count of Falsely Reporting an Incident, and two counts of Non-Compliance with Bond Conditions. These convictions arose from multiple cases involving Barrett's harassment of his ex-fiancée. On November 21, 2014, Barrett was sentenced to total non-suspended time of one year Level V incarceration, with credit for 16 days served, followed by decreasing levels of supervision. The Superior Court ordered that Barrett serve the non-suspended Level V time for the first count of Criminal Contempt of a PFA without the benefit of any form of reduction or diminution of sentence under 11 *Del. C.* § 4204(k).

(3) On December 24, 2014, Barrett, with the assistance of counsel, filed a motion for sentence modification. Barrett sought removal of the Section 4204(k) condition so that he could obtain good time credit. The State opposed the motion, arguing that Barrett had a history of contacting the victim in violation of court orders and had contacted the victim's daughter shortly before sentencing. On January 22, 2015, the Superior Court denied the motion. The Superior Court found

that Barrett had not acknowledged the reasons for his sentence or shown that he was suitable for release.

(4) On February 6, 2015, Barrett filed a *pro se* motion for sentence modification. Barrett contended that modification of his sentence was appropriate because he had not been charged with criminal conduct since 2005, he was not receiving the necessary medication for his muscle disease, he was not a threat to the victim or society, and the victim had committed wrongful acts. Barrett also filed a *pro se* motion for 106 days of credit time based on the time he was out on bail, subject to certain restrictions and conditions, before sentencing.

(5) In an order dated February 13, 2015, the Superior Court denied Barrett's motion for sentence modification because the sentence was imposed after Barrett entered a knowing and voluntary guilty plea, the motion was repetitive, the sentence was appropriate for the reasons stated at the time of sentencing, and Barrett continued to blame the victim. The Superior Court also indicated that the Department of Correction should be notified of Barrett's claim that he was not receiving adequate medical treatment. In an order dated February 24, 2015, the Superior Court denied Barrett's other motion for sentence modification because the Superior Court intended Barrett to serve the sentence imposed to better protect the victim's safety. This appeal followed.

(6) We review the Superior Court's denial of a motion for sentence modification for abuse of discretion.[3] To the extent the claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal under Superior Court Criminal Rule 35(a) if it exceeds the statutory limits, violates double jeopardy, is ambiguous or internally contradictory, or is not authorized by the judgment of conviction.[5] Under Rule 35(b), the Superior Court may reduce a sentence of imprisonment upon a motion made within 90 days after imposition of the sentence. Rule 35(b) further provides that the Superior Court will not consider repetitive requests for reduction of sentence.

(7) In his opening brief, Barrett argues that he is entitled to credit for his time spent outside of prison while on bail, before sentencing, because he was subject to certain restrictions and conditions, including an ankle monitor. Barrett identifies no authority to support his contention that he is entitled to Level V credit for time he did not spend at Level V or a Level IV VOP Center.[6] The Superior Court did not err in denying Barrett's motion for credit time.

---

[3] *Weber v. State*, 2015 WL 2329160, at *1 (Del. May 12, 2015).

[4] *Id.*

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] *See* 11 *Del. C.* § 3901(c) ("Any period of *actual incarceration* of a person awaiting trial, who thereafter before trial or sentence succeeds in securing provisional liberty on bail, shall be credited to the person in determining the termination date of sentence.") (emphasis added);

4

(8)     Barrett next appears to claim that he was not guilty of Criminal Contempt of a PFA.  Rule 35 is not a means for a defendant to attack the legality of his convictions[7] and, to the extent Barrett purported to appeal his convictions, that portion of his appeal was untimely.[8]  Accordingly, we will not consider this claim.

(9)     Barrett next claims that the Superior Court was biased in sentencing him, deprived him of the benefit of allocution, and sentenced him in excess of the SENTAC guidelines for Criminal Contempt of a PFA.  These claims are without merit.  The sentencing transcript reflects that the sentence was based on the nature of Barrett's offenses and his lack of remorse and acceptance of responsibility for his crimes.  The sentencing transcript also reflects that Barrett addressed the Superior Court before the sentence was imposed.  As to Barrett's claim regarding the SENTAC guidelines, departure from the guidelines is not a basis to overturn a sentence within the statutory limits.[9]

(10)    Finally, Barrett claims that the Superior Court erred in denying his motion for sentence modification because, before his most recent arrest in 2014, he had not been arrested for nearly a decade, he was not a threat to the victim or

---

*Anderson v. State*, 2006 WL 3931460, at *1 (Del. Dec. 5, 2006) (inmate is entitled to Level V credit for time served at Level V and Level IV VOP Center).

[7] *Brittingham*, 705 A.2d at 578.

[8] *See supra* n.2.

[9] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).

society, and he was a productive member of society. "When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment."[10] Having carefully reviewed the record, we conclude that the Superior Court did not abuse its discretion in denying Barrett's repetitive motion for modification of sentence. The record reflects a basis for the Superior Court's determination that Barrett warranted the sentence he got, and the supervision that came with it, because of the danger he continued to pose to the victim of his crimes, especially given Barrett's failure to accept that he was in the wrong.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgments of the Superior Court are AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[10] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014).